1
2
3
4
5
6
7  **UNITED STATES DISTRICT COURT**

8  **CENTRAL DISTRICT OF CALIFORNIA**

9

10  LUIS PLANTILLAS,                     )    NO. CV 08-1194 MMM (FMO)
                                         )
11           Petitioner,                 )
                                         )
12       v.                              )    **ORDER ADOPTING FINDINGS,**
                                         )    **CONCLUSIONS AND RECOMMENDATIONS**
13  MATTHEW CATE, Secretary, California  )    **OF UNITED STATES MAGISTRATE JUDGE**
    Department of Corrections and        )
14  Rehabilitation,                      )
                                         )
15           Respondent.                 )
                                         )
16  _____     )

17                          **<u>INTRODUCTION</u>**

18       On February 21, 2008, petitioner, a California state prisoner, filed a Petition for Writ of

19  Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  On

20  March 20, 2008, petitioner filed a Memorandum of Points and Authorities in Support of the Petition

21  ("Petition Memo.").  On July 23, 2008, respondent filed his Return to the Petition ("Return"),

22  together with a Memorandum of Points and Authorities in Support of the Return ("Return Memo.").

23  Petitioner did not file a Reply.

24       On September 17, 2008, the United States Magistrate Judge issued a Report and

25  Recommendation ("R&R"), recommending that the Petition be denied and the action dismissed

26  with prejudice.  Thereafter, on October 28, 2008, petitioner filed his "Reply to Return to Writ and

27  Objections to Report and Recommendation" ("Objections").  On March 9, 2009, respondent filed

28  a Response to Petitioner's Objections ("Response").

1

## DISCUSSION

2      In his Objections, petitioner asserts that "Deputy Rocha's testimony cannot fill the void of

3 Deputy Subler's [testimony] because it is of an entirely different nature[.]" (Objections at 3).

4 Petitioner argues that "[i]t was objectively unreasonable of the state court to mischaracterize

5 Rocha's testimony as the same as Subler's." (Id. at 12). Petitioner also contends that "[i]t was

6 objectively unreasonable of the state court to gloss over and/or assume away every factual

7 problem in the way of arriving at the conclusion that if Subler's testimony had been excluded and

8 Petitioner had not testified, Rocha would have been offered as a case-in-chief witness[.]" (Id. at

9 13). Petitioner argues that "there is simply no way to determine from the record if Rocha would

10 have been offered as a case-in-chief witness had Subler's testimony been excluded." (Id.).

11 Finally, petitioner has attached a declaration from his trial counsel which states that "[i]f the *un-*

12 *Mirandized* statement of [petitioner] to Police Officer Subler had been suppressed I would have

13 not put [petitioner] on the witness stand or at least I would have advised against him taking the

14 stand[.]" (Id., Exh. A) (italics in original).

15      As an initial matter, the Court notes that petitioner's Objections raise new facts that were

16 never presented to the Magistrate Judge. A district court has discretion not to consider evidence

17 offered for the first time in a party's objections to a magistrate judge's proposed findings and

18 recommendations. Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002); United States v. Howell, 231

19 F.3d 615, 621 (9th Cir. 2000), cert. denied, 534 U.S. 831, 122 S.Ct. 76 (2001) ("[A] district court

20 has discretion, but is not required, to consider evidence presented for the first time in a party's

21 objection to a magistrate judge's recommendation."). Petitioner explains that he did not raise

22 these facts in a Reply because his "counsel inadvertently missed the filing deadline[.]" (Objections

23 at 1 n. 1). Such an explanation is insufficient. Therefore, the Court will exercise its discretion and

24 decline to consider the new evidence petitioner submitted with his Objections. "Such a policy is

25 reasonable since the referral mechanism is intended to help ease the heavy workloads of the

26 district courts and to aid in the efficient resolution of disputes." ISM Sports, Inc. v. Lemonia Gyro

27 & Souvlaki, Inc., 2005 WL 1861308, at *2 (E.D.N.Y. 2005).

28

1   However, even on the merits, petitioner's Objections are insufficient to establish a basis

2   for habeas relief.  Even assuming that petitioner would not have testified had Deputy Subler's

3   testimony been excluded, respondent has submitted a declaration from the prosecutor which

4   states that she "would have called Detective Rocha in the People's case-in-chief to testify

5   regarding statements [petitioner] made during an interview the day after his arrest." (Response,

6   Declaration of Stacey Solomons at ¶ 2).  Thus, it is clear that Deputy Rocha's testimony would

7   have been presented to the jury regardless of whether Deputy Subler's testimony was excluded

8   or whether petitioner testified.  As the Magistrate Judge concluded, "petitioner cannot show

9   prejudice because his statement that he purchased the license plate for $100 was properly

10   admitted through Deputy Rocha's testimony." (R&R at 21-22).

11   In sum, even assuming that petitioner's new factual allegations are true, petitioner has not

12   shown that the Miranda violation "had substantial and injurious effect or influence in determining

13   the jury's verdict."  Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 1722 (1993)

14   (internal quotation marks and citation omitted).

15                                   **CONCLUSION**

16   Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the

17   Petition, all of the records herein, the Report and Recommendation of the United States

18   Magistrate Judge, the Objections to the Report and Recommendation, and the Response to the

19   Objections.  The Court has made a de novo determination of the portions of the Report and

20   Recommendation to which Objections were directed.  The Court concurs with and adopts the

21   findings and conclusions of the Magistrate Judge.  Accordingly, IT IS ORDERED THAT:

22       1.   Judgment shall be entered dismissing the action with prejudice.

23       2.   The Clerk shall serve copies of this Order and the Judgment herein on the parties.

24   DATED: *MARCH 31*      , 2009.

25                                   _Margaret M. Morrow_
                                     MARGARET M. MORROW
26                                   UNITED STATES DISTRICT JUDGE

27

28